IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY DONALD BILLINGSLEY #303088 | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:21-cv-198-ECM-SMD [WO] |
| JEFFERY BALDWIN, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Jerry Donald Billingsley, Doc. 7, a state inmate currently incarcerated at the Ventress Correctional Facility.¹ In the amended complaint, Billingsley challenges actions which occurred during a prior term of confinement at the Bullock Correctional Facility. Doc. 7 at 2–3. Specifically, Billingsley alleges that on June 18, 2018 the defendants, correctional officials at Bullock, failed to protect him from a sexual assault by other inmates. *Id*. Billingsley seeks monetary damages and his release on probation. Doc. 7 at 4.

---

¹ Billingsley initiated this civil action by submitting a complaint which the Clerk stamped "received" on March 8, 2021. Doc. 1 at 1. The envelope in which the Court received the complaint is postmarked March 3, 2021. Doc. 1 at 12. For purposes of this Recommendation, the undersigned assumes *arguendo* that Billingsley placed the complaint in the prison mail system for mailing on March 2, 2021. A pro se inmate's complaint is deemed filed the date he places it in the prison mail system for delivery to the court. *Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Fuller v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Liberally construing the date of filing in Billingsley's favor, the undersigned considers March 2, 2021 as the date for Billingsley filed this cause of action.

Upon a thorough review of the amended complaint, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## I. DISCUSSION

Billingsley challenges the constitutionality of the defendants' failure to protect him from a sexual assault at the Bullock Correctional facility on June 18, 2018. Doc. 7 at 2–3. The claims presented by Billingsley in the amended complaint are barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

The governing statute of limitations for claims raised in ' 1983 actions is the forum state's general or residual statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 249–250 (1989); *Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, this limitations period is two years. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); *Ala. Code* 6-2-38(l).

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years.

---

[2] The Court granted Billingsley leave to proceed *in forma pauperis* in this case. Doc. 5. The court is therefore obligated to screen the amended complaint for possible summary dismissal. 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case" for the reasons set forth herein.). Specifically, the screening procedure requires the court to "dismiss the case at any time if the court determines that— . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also* 28 U.S.C. §§ 1915A(b)(1)-(2) ("On review [of a prisoner's complaint], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.").

> Ala. Code § 6-2-38; *Billingsley v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair*, 515 F.3d at 1173.

The sexual assault about which Billingsley complains occurred on June 18, 2018 By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) affords no relief to Billingsley from application of the time bar.[3] Thus, the statute of limitations applicable to this 42 U.S.C. § 1983 action began to run on June 19, 2018.[4] The limitations period ran uninterrupted until its expiration on June 19, 2020. Billingsley filed the instant case on March 2, 2021. Under these circumstances, the filing of this civil action occurred over eight months after expiration of the applicable period of limitations.

Unquestionably, the statute of limitations is usually a matter which is raised as an affirmative defense. The court notes, however, that when a plaintiff proceeds *in forma pauperis* in a civil action it may *sua sponte* consider affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636,

---

[3] The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action," but such tolling shall not exceed "20 years from the time the claim or right accrued." Ala. Code § 6-2-8(a). The amended complaint and state court records maintained by the Alabama Trial Court System, hosted at www.alacourt.com, of which this court takes judicial notice as permitted by applicable federal law, *Keith v. DeKalb Cnty*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014), demonstrate that Billingsley had not been deemed legally insane nor was he under the age of 19 at the time his claims challenging the sexual assault accrued.

[4] In computing the federal period of limitations, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), Fed. R. Civ. P.

640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the amended complaint and relevant state court records, Billingsley has no legal basis on which to proceed with respect to the claims challenging the constitutionality of an assault that occurred on June 18, 2018. As previously determined, the statutory tolling provision is unavailing. Consequently, the governing two-year period of limitations expired in June of 2020, several months prior to Billingsley filing the instant civil action. In light of the foregoing, the undersigned concludes this case is barred by the applicable statute of limitations and is therefore subject

to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d at 640, n.2; *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II.     CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED with prejudice under 28 U.S.C. §1915(e)(2)(B)(i). Additionally, it is ORDERED that the parties shall file any objections to this Recommendation on or before **May 20, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 6th day of May, 2021.

/s/ Stephen M. Doyle

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE